## OHIO COURTS OF APPEAL—Continued

No. 930

### KRUEGER v. KRUEGER

Ohio Appeals, Eighth District
No. 4965. Oct. 29, 1923

**282. PARTITION.**

Partition as well as contribution is available to child born after will executed.

LEVINE, J.

Carl Krueger, having eight living children, devised and bequeathed all his property to his wife, Lena Krueger. A year later a ninth child, Pearl Krueger, was born. Carl Krueger then died and his will was probated. Pearl Krueger brought this suit for a partition of one of the parcels of realty so devised, alleging that she was a tenant in common entitled to one-ninth interest in the premises described. A demurrer by Lena Krueger was sustained by the Common Pleas. Plaintiff brings error proceedings to this court. Held:

Plaintiff's rights are based on 1064 and 1064-a GC. The latter section provides that such after-born child shall take by contribution from the devisees and legatees. It was because of this that the lower court held that partition was not the proper remedy. That provision of the statute, however, is not exclusive. Plaintiff may, if she chooses, resort to partition. 25 OCC. 185, 2 CC. NS. 71, 66 OS. 233, 164 NE. 120. Case remanded with instructions that demurrer shall be overruled.

Attorneys—J. P. Corrigan, for plaintiff; J. A. Nieding, for defendant.

---

No. 931

### JAMIESON v. DAVIS

Ohio Appeals, 8th District, Cuyahoga County
No. 4584. Decided Oct. 29, 1923

**304. PROCESS.**

Summons issued against railroad in other than county where injury to property occurred was quashed—11273 GC. controls.

CUSHINGS, J.

#### Epitomized Opinion

Action by Jamieson of Pennsylvania as litigation agent for the U. S. R. R. Administration for damages for failing to return tank cars belonging to Jamieson, which cars were damaged in Ashtabula county. Summons was served on J. A. Rosenberg, a regular ticket agent at Cleveland, for Davis. The court granted a motion to quash the service of summons on authority of 11273 GC. which provides that an action against a R. R. Co. for injuries to persons or property, or for wrongful death must be brought in the county where the cause of action arose, or where the claimant resides. Jamieson contended that this is not an action against a

R. R. and the statute does not apply. In affirming the judgment quashing the service, the Court of Appeals held:

1. Actions against the U. S. R. R. Administration may be brought in the same courts where the R. R. could be sued, 41 U. S. Stat. at L. 461. Therefore 11273 GC. applies and the action must be brought either where the action occurred or where Jemieson resides, and as Jamieson is a non-resident of Ohio and the accident occurred in Ashtabula county, the Cuyahoga Common Pleas had no jurisdiction. Loftus v. Parr, decided by Ohio Supreme, Jan. 1923, controls.

Attorneys—Chamberlain & Fuller, for Jamieson; Tolles, Hogsett, Ginn & Morley, for Davis.

---

## OHIO SUPREME COURT
### NEW CASES
(Continued from Page 875)

18225—The State of Ohio ex rel Francis M. Thompson v. Harry L. Conn, superintendent of insurance, Department of Commerce, State of Ohio. In mandamus. F. M. Thompson and L. D. Johnson, for plaintiff.

18226—Theodore May v. the State of Ohio; motion for an order directing the Court of Appeals of Auglaize county to certify its record. Edwin Blank, Lima, for plaintiff.

18245—Joseph H. Brown v. John Koons and Esther Koons; motion for an order directing the Court of Appeals of Crawford county to certify its record. B. J. Catley, Crestline, for plaintiff.

18246—Lillian Manderbaugh v. State of Ohio; motion for leave to file petition in error to the Court of Appeals of Stark county. Amerman & Mills, Canton, for plaintiff; C. B. McClintock, Pros. Atty., Canton, for defendant.

18247—Henrietta C. Marsh, Edwin Prentiss, Oscar Erf, August Richards, G. W. McMahon, John Snow, Peter Wise, Jacob Wentz, Susanna Stimson, Mary E. Parker and J. P. Easton v. the Board of County Commissioners of Huron County, Ohio, W. H. Griffin, as Auditor of Huron County, Ohio, and Aro D. Sanders, Treasurer of Huron County, Ohio; motion for an order directing the Court of Appeals of Huron county to certify its record. Young & Young, Norwalk, for plaintiffs.

18248—The Board of County Commissioners of Columbiana County v. H. S. Rinehart, James Rinehart, Ray Rinehart, partners, doing business as Rinehart Bros.; motion for an order directing the Court of Appeals of Columbiana county to certify its record. Jesse Hanley and Robt. M. Brooks, Pros. Attys., Lisbon, for plaintiff; P. M. Smith, Wellsville, and Billingsley & Moone, Lisbon, for defendants.

18249—The G. & R. Realty Co. v. William Shepard, Mrs. A. Brennan, and Otto Landefeld; motion for an order directing the Court of Appeals of Huron county to certify its record. Howard Burnett and Garber & Garber, Cleveland, for plaintic.